**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

ADAPTIX INC.,

                    Plaintiff,

v.

DELL INC., ET AL.,

                    Defendants.

Civil Action No. 6:13-cv-437

**DELL INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DELL INC.'S MOTION TO
<u>DISQUALIFY PLAINTIFF'S COUNSEL</u>**

Deron R. Dacus
ddacus@dacusfirm.com
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

Kimball R. Anderson
kanderson@winston.com
Kathleen B. Barry
kbarry@winston.com
Solana P. Flora
sflora@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Defendant Dell Inc.*

I.    **INTRODUCTION**

The opposition to Dell's Motion To Disqualify only confirms that disqualification of Plaintiff's counsel is compelled under the applicable rules.  The narrative that Plaintiff attempts to create, namely, that Dell filed this motion solely for a tactical advantage, does not ring true. Dell filed this motion to enforce the terms of an engagement letter binding Plaintiff's counsel (the July 24, 2012 Engagement Letter) and to protect against the misuse of Dell's confidences.

II.    **ARGUMENT**

A.    **The Initial Conflict of Interest Has Not Been Cured By Time.**

While the Hayes Bostock firm was representing Dell in the *Lodsys* action, the Hayes Bostock firm simultaneously sued its client Dell in this Adaptix action.  Dell immediately protested this egregious breach of Hayes Bostock's duty of loyalty to Dell.  After some delay, the Hayes Bostock lawyers who represented Adaptix in this action (Messrs. Hayes and Lipman and Ms. Diaz) conceded that they had a conflict of interest and withdrew as counsel for Adaptix.  *See* Plaintiff Adaptix's Notice of Withdrawal of Counsel, Docket No. 10, filed June 6, 2013.

Now, months later, these *same lawyers* who breached their duty of loyalty to Dell earlier this year have joined a new firm—Hayes Messina—and have reappeared as Adaptix's counsel adverse to Dell.  From their response to Dell's disqualification motion, it appears that they believe that their conflict of interest has disappeared because of the passage of time or their joining a new firm.  Not so.  "[W]here counsel have simultaneously represented clients with differing interests, the standard for concurrent representation applies even if the representation ceases prior to the filing of a disqualification motion."  *Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 209 (S.D.N.Y. 2009); *Anderson v. Nassau County Dept. of Corrections*, 376 F.

Supp. 2d 294, 298-99 (E.D.N.Y. 2005) ("[T]he status of the relationship is assessed at the time that the conflict arises."). *See also* Dell's Mot., D.I. 28, at 6-7.

### B.    Dell Has Not Waived The Conflict of Interest.

Plaintiff next contends that Dell waived the conflict of interest.  Plaintiff bears the burden of proving that Dell, with informed consent, waived the conflict of interest.  *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, 927 F. Supp. 2d 390, 398 (N.D. Tex. 2013).  For several reasons, Plaintiff cannot meet its burden.

First, nothing in the Engagement Letter itself is a waiver.  The Engagement Letter explicitly states that Dell "considers representation of a plaintiff or entity asserting its patents against Dell in any patent matter to be a conflict."  (D.I. 28 Ex. B at 3.)  Then, the Engagement Letter expressly contemplates that in the future, Dell might receive a waiver request and that Dell would have the right to decline any such request, stating:  "Please notify us of all potential conflicts as soon as they become apparent. We reserve the right to decline a waiver request if we believe the conflict would adversely affect Dell's interests."  *Id.*  Thus, the only mention of "waiver" is limited to statements that Dell is *not* waiving any conflict.  (D.I. 28 Ex. B at 3.) Conspicuously absent is any waiver of any future conflict.

Second, absent an express waiver, Plaintiff attempts to imply a waiver from the language: "any lawyer who views Dell confidential material or bills time to the Patent Matter from representing a plaintiff against Dell for a period of 36 months after conclusion of the lawyer's representation of Dell in the Patent Matter."  (D.I. 28 Ex. B at 3.)  Implied waivers, however, are not favored, with the limited exception of when a motion to disqualify is not timely made.  *See, e.g.*, *Islander E. Rental Program v. Ferguson*, 917 F. Supp. 504, 507-08 (S.D. Tex. 1996); *Am. Cont'l Corp./Lincoln Savings & Loan Sec. Litig.*, 794 F. Supp. 1424 (D. Ariz. 1992) (implied

2

consent is insufficient to waive a potential conflict of interest).  Moreover, the language merely defines a type of conflict; it does not waive anything.  In the context of the entire paragraph, not in isolation, the language makes clear that Dell is reserving the right to decline conflict waiver requests in the future (within the 36-month period).  Indeed, it is settled that a contract should be interpreted so each term has effect and not so that some terms are considered merely useless, repetitious surplusage.  *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994).

Third, Plaintiff's reliance on *parol* evidence is misplaced.  Because the Engagement Letter itself lacks an express or implied waiver, Plaintiff resorts to *parol* evidence purporting to show an implied waiver.  (D.I. 38 at 2-4.)  Specifically, Plaintiff relies on various email exchanges regarding a July 9, 2012 version of the Engagement Letter.  The July 24, 2012 Engagement Letter, however, expressly states that the July 9, 2012 version is "supercede[d]." (D.I. 28 Ex. B at 1.)  Equally important, "[e]xtrinsic evidence cannot be used to show that the parties probably meant, or could have meant, something other than what their agreement stated." *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 451 (Tex. 2011). "When neither party claims the engagement letter is ambiguous, [a court] may not consider parol evidence … that occurred prior to the engagement letter."  *Bayoud v. Shank, Irwin & Conant*, 774 S.W.2d 22, 24 (Tex. App. 1989); *see also David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450-51 (Tex. 2008).  Here, the contract is unambiguous.

Fourth, even if the Engagement Letter includes an implied waiver, Dell certainly did not waive any current conflict and expressly objected to future conflicts.  Indeed, the language relied upon by Plaintiff states that "Dell *expressly objects* to any lawyer who views Dell confidential material or bills time to the Patent Matter from representing a plaintiff against Dell for a period of 36 months after conclusion of the lawyer's representation of Dell in the Patent Matter."  *See*

D.I. 38 at 12 (emphasis added); *see also* D.I. at 1.  Further, Dell could not have foreseen or waived this unusual situation where Adaptix's lawyers, after recognizing their conflict in this very same case, first withdrew and now have reappeared adverse to Dell—albeit at a new law firm.

Finally, Plaintiff's reliance on *Galderma Labs* as a basis for finding a waiver in this case is misplaced.  The language at issue in *Galderma Labs* constituted an express waiver:  "You understand and agree that, with those exceptions, we are free to represent other clients, including clients whose interests may conflict with yours in litigation, business transactions, or other legal matters."  927 F. Supp. 2d at 399.  Analyzing the engagement letter as a whole, the *Galderma Labs* court found that the engagement letter included: "1) agreement to a proposed course of conduct, 2) after the lawyer has communicated adequate information and explanation about the material risks, and 3) the lawyer has proposed reasonably available alternatives to the proposed course of conduct."  *Id*.  Here, in contrast, the Engagement Letter did not include consent to any proposed future course of conduct as to Hayes Messina.

C.       **Plaintiff's "Substantial Relationship" Argument Is Misplaced.**

Plaintiff next argues that Dell's motion should be denied because of a supposed absence of a substantial relationship between the *Lodsys* matter and this matter.  *See* D.I. 38 at 10-14.  The July 24, 2012 Engagement Letter, however, provides that *all* patent matters are substantially related to the *Lodsys* matter.  *See* D.I. 28 Ex. B at 3.  Through the Engagement Letter, the parties agreed to avoid the question of whether any subsequent patent infringement lawsuit would be considered substantially related to the *Lodsys* matter.  Plaintiff's counsel now want to renege on the agreement, but they provide no reason why this Court should not enforce a valid contract.

### D.      Screening Cannot Avoid The Conflict Of Interest In This Case.

Dell has demonstrated, and Plaintiff does not seriously dispute, that screening does not avoid the conflict of interest under either the Texas Rules or the ABA Model Rules.  Even if screening was permitted, the attempted screening is totally inadequate.  *See* D.I. 28 at 9-13.  First, it was untimely.  Plaintiff filed this case on May 10, 2012, when Hayes Bostock lawyers were still representing Dell in the *Lodsys* case.  By their own admission, *see* D.I. 38 at 15, attorneys Gannon and DeBlois were not screened until July 2013—this is far too late.  Second, screens are ineffective to avoid imputed conflicts in small law firms.  *See, e.g., Van Jackson v. Check 'N Go of Illinois, Inc.*, 114 F. Supp. 2d 731, 733 (N.D. Ill. 2000).  With the entire Hayes Messina law firm seemingly involved in *Adaptix* litigation asserting the same patents as in this case, the risk is especially high that Gannon and DeBlois cannot avoid collaborating with colleagues who represent Adaptix against Dell.  Third, the attempted screen did not contain all the necessary elements, such as prohibition against sharing fees from the conflicted engagement.[1]

### E.  The Tadlock Firm.

Under the Texas Rules, lawyers "associated" with a conflicted lawyer are disqualified, which can include co-counsel.  *In re CHM Homes, Inc.*, No. 04-13-00050-CV, 2013 WL 2446724, at *5 (Tex. Ct. App. June 5, 2013).  The Tadlock firm is associated with the Hayes Messina firm.  Given the sworn declarations of the two Tadlock attorneys, however, Dell accepts that they have not and will not be exposed to Dell confidential information.  Dell no longer objects to the Tadlock firm's representation of Plaintiff.

---

[1]  Plaintiff tenders with its brief for the first time an undated "OVERVIEW OF SCREENING PROTOCOL FOR KEVIN GANNON AND JONATHAN DEBLOIS."  *See* Ex. H to Doc. 38 filed Nov. 4, 2013.  This document was never previously provided to Dell despite extensive correspondence between Dell's counsel and Plaintiff's counsel. It appears to be an unverified after-the-fact attempt to paper over glaring holes in the Hayes Messina screen.

Dated:     November 15, 2013

By: /s/ Kimball R. Anderson
Kimball R. Anderson
Kathleen Barry
Solana P. Flora
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Deron R. Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2013, I electronically filed the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO DELL INC.'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.


Dated: <u>November 15, 2013</u>

By: <u>/s/ *Kimball R. Anderson*</u>

Deron R. Dacus
ddacus@dacusfirm.com
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

Kimball R. Anderson
kanderson@winston.com
Kathleen B. Barry
kbarry@winston.com
Solana P. Flora
sflora@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Defendant Dell Inc.*