IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC.,<br><br>v.<br><br>AMAZON.COM, INC., ET AL. | §<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-432 |
| ADAPTIX, INC.,<br><br>v.<br><br>BLACKBERRY LIMITED, ET AL. | §<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-434 |
| ADAPTIX, INC.,<br><br>v.<br><br>BLACKBERRY LIMITED, ET AL. | §<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-435 |
| ADAPTIX, INC.,<br><br>v.<br><br>BLACKBERRY LIMITED, ET AL. | §<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-436 |
| ADAPTIX, INC.,<br><br>v.<br><br>DELL, INC., ET AL. | §<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-437 |
| ADAPTIX, INC.,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD, ET AL. | §<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-438 |
| ADAPTIX, INC.,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD, ET AL. | §<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-439 |

06059806

| | § | |
|---|---|---|
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:13-CV-440 |
| HUAWEI TECHNOLOGIES CO., LTD, ET AL. | § | |
| | § | |
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:13-CV-441 |
| HUAWEI TECHNOLOGIES CO., LTD, ET AL. | § | |
| | § | |
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:13-CV-442 |
| SONY MOBILE COMMC'NS, INC., ET AL. | § | |
| | § | |
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:13-CV-443 |
| ZTE CORPORATION, ET AL. | § | |
| | § | |
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:13-CV-444 |
| ZTE CORPORATION, ET AL. | § | |
| | § | |
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:13-CV-445 |
| ZTE CORPORATION, ET AL. | § | |
| | § | |
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:13-CV-446 |
| ZTE CORPORATION, ET AL. | § | |

## (PROPOSED) SCHEDULING AND DISCOVERY ORDER[1]

---

[1] Parties moving for transfer on or before February 12, 2014 agree to the dates and discovery provisions herein in light of the Court's schedule and prior orders entered in related cases but do not agree that the schedule is

1

Based on a review of the case and in accordance with the parties' Proposed Rule 26(f) Scheduling and Discovery Order, the Court enters this case specific order which controls pretrial discovery and disposition of this action pending further order of the Court.

## I.     SUMMARY OF CRITICAL DATES

After several conferences and significant efforts, Adaptix and Defendants have agreed to conduct fact and expert discovery in phases, but they have disagreements on some dates for those phases.  The disagreements on the dates derive primarily from the fact and expert deadlines. More particularly, Adaptix requests that the fact discovery deadline be about 2 ½ weeks later than Defendants' (November 14th v. October 29th), and that the expert discovery deadline also be about 2 ½ weeks later than Defendants' (January 9th v. December 22nd).  As a result, the deadlines for opening expert reports, rebuttal expert reports, letter briefs, and dispositive motions differ by about 2 ½ weeks.

Adaptix's proposed phased schedule is critical because Adaptix needs additional time to complete its discovery for and prepare its expert reports, which were due originally two months before the proposed December 22, 2014 single-phase fact discovery deadline[2] in the Court's original January 10, 2014 "Order to Meet, Report, and Appear at Scheduling Conference" (*see, e.g.*, 6:13cv432, Doc. No. 34) in these 14 cases (very soon to be 20 when the defendants in the 6:13cv433, -585, -778, -853, -854, and -922 cases respond to Adaptix's complaints) with 7 defendants (very soon to be 10 when the other 6 defendants are soon added), and especially because of the significant, time-consuming discovery and analysis of the source code for the

---

necessarily appropriate or that discovery provisions should apply if the Court grants their respective motions to transfer.

[2] Based upon the Court's proposed timing of "7 months 2 weeks after SC" for the opening expert reports and "9 months 2 weeks after SC" for the discovery deadline, the parties started with October 22, 2014 and December 22, 2014, respectively.

many infringing instrumentalities of these defendants.[3]   More specifically and based upon the two-phase discovery agreement among the parties, Adaptix has proposed to (i) extend the opening expert reports deadline by a single month from the proposed October 22nd date and to *contract* the December 22nd fact discovery deadline by 5 ½ weeks, and (ii) extend the expert discovery deadline by only 2 ½ weeks from the proposed December 22nd fact deadline.   In doing so, Adaptix recognized and respected the Court's desired spacing of events and the "limited judicial resources and the Court's calendar" and the fact that "some dates and events are 'firm'," as stated in Exhibit A of the "Order to Meet, Report, and Appear at Scheduling Conference."   Nonetheless, Adaptix believes its proposed schedule is reasonable under the circumstances described in this paragraph for both the Court and the parties.

Defendants do not agree to Adaptix's proposed schedule because Adaptix's proposed schedule does not provide sufficient time following the close of fact and expert discovery for briefing and ruling on motions for summary judgment and Daubert motions before the final pretrial conferences.   Specifically, Adaptix's proposed deadlines put the dispositive motion and Daubert motion deadline at January 30, 2015 less than 2 months before the first final pretrial conferences on March 27, 2015.   As a result, by the time these motions are fully briefed, there will be less than three weeks before the first final pretrial conference on March 27, 2015. Accordingly, Defendants respectfully request that the Court adopt their proposed schedule.

---

[3] Not only has Adaptix experienced significant, time-consuming discovery and delays for source code review in the related three handset and six base station cases pending before this Court, Adaptix is presently conducting meet-and-confers with the defendants in those cases in an attempt to extend the deadlines for both expert reports and discovery.  Hopefully, the parties will agree to Adaptix's proposal and avoid a contested motion for a time extension.

| PRETRIAL EVENTS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| Rule 26(f) meeting | 2/12/14 | |
| File case management plan | 2/19/14 | |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | 2/21/14 | |
| Rule 16(b) scheduling conference (Judge Steger's Courtroom, 3rd Floor, Tyler, TX before U. S. Magistrate Judge Caroline M. Craven) | 3/5/14 at 9:30 a.m. | |
| Deadline to serve initial disclosures (other than damages) | 4/7/14 | |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | 5/9/14 | |
| Deadline to add additional parties | 5/7/14 | |
| Deadline to amend pleadings on issues other than inequitable conduct | 5/7/14 | |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | 5/21/14 | |
| Deadline to file motions to dismiss | 5/21/14 | |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | 6/13/14 | |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | 6/27/14 | |
| Claim Construction discovery deadline | 7/14/14 | |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | 7/22/14 | |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | 8/15/14 | |
| Deadline to file motion for summary judgment of indefiniteness | 8/15/14 | |

| | | |
|---|---|---|
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | 8/22/14 | |
| Deadline to file response to motion for summary judgment of indefiniteness | 8/22/14 | |
| Deadline to file reply to motion for summary judgment of indefiniteness | 8/29/14 | |
| Deadline to file claim construction chart (P.R. 4-5(d)) | 8/29/14 | |
| Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6) (Judge Steger's Courtroom, 3rd Floor, Tyler, TX before U. S. Magistrate Judge Caroline M. Craven) | 9/11/14 at 10:00 a.m. | |
| Deadline to exchange privilege logs | 10/8/14 | |
| Deadline to serve damages disclosures | 9/18/14 | |
| Deadline for amending pleadings regarding inequitable conduct defenses | 10/22/14 | |
| Deadline to designate expert witnesses on issues for which the party bears the burden of proof | 11/5/14 | |
| Deadline to disclose willfulness opinions (P.R. 3-7) | 11/10/14 | |
| Deadline to designate expert witnesses on issues for which the party does not bear the burden of proof | 12/5/14 | |
| Deadline to notify Court of mediator | 12/8/14 | |
| Fact Discovery deadline | 11/14/14 | 10/29/14 |
| Deadline for expert reports on issues for which the party bears the burden of proof | 11/21/14 | 11/5/14 |
| Deadline to complete **required** mediation | 12/29/14 | |
| Deadline to submit letter briefs | 12/1/14 | 11/14/14 |
| Deadline for *Daubert* motions | 1/30/15 | 1/15/15 |
| Deadline for expert reports on issues for which the party does not bear the burden of proof | 12/22/14 | 12/5/14 |
| Deadline for dispositive motions | 1/30/15 | 1/15/15 |
| Expert Discovery deadline | 1/9/15 | 12/22/14 |
| Deadline for parties to exchange pretrial disclosures | 2/9/15 | |

| | |
|---|---|
| Deadline to notify Court of daily transcript or realtime | 2/9/15 |
| Deadline for parties to exchange objections to | 2/23/15 |
| Deadline for parties to meet and confer on objections | 3/2/15 |
| Deadline to file pretrial materials | 3/9/15 |
| Deadline for parties to exchange exhibits | 3 days before PTC |
| Pretrial conference and trial scheduling in Judge Steger's courtroom, 3rd Floor, Tyler, TX before Magistrate Judge Caroline M. Craven | March 27, 2015 at 10:00 a.m. (6:13cv432 Amazon.com); March 27, 2015 at 1:30 p.m. (6:13cv434 Blackberry); March 30, 2015 at 10:00 a.m. (6:13cv435 Blackberry); March 27, 2015 at 1:30 p.m. (6:13cv436 Blackberry);[4] March 27, 2015 at 10:00 a.m. (6:13cv437 Dell); March 31, 2015 at 1:30 p.m. (6:13cv438 Huawei); April 1, 2015 at 10:00 a.m. (6:13cv439 Huawei); April 1, 2015 at 1:30 p.m. (6:13cv440 Huawei); April 2, 2015 at 10:00 a.m. (6:13cv441 Huawei); April 2, 2015 at 1:30 p.m. (6:13cv442 Sony); April 3, 2015 at 10:00 a.m. (6:13cv443 ZTE); April 3, 2015 at 1:30 p.m. (6:13cv444 ZTE); April 6, 2015 at 10:00 a.m. (6:13cv445 ZTE); April 6, 2015 at 1:30 p.m. (6:13cv446 ZTE) |

## II.   DETAILED INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[5] and the local rules of this Court (except as modified herein), the Court, having considered the joint report submitted by the parties, finds that the schedule set forth above governs the disposition of this case.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. A party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of**

---

[4] Defendant Verizon Wireless respectfully requests the pretrial conference dates for Case Nos. 6:13cv436 and 6:13cv437 be set for March 27, 2015 to avoid a scheduling conflict for Verizon's lead trial counsel.

[5] Unless otherwise noted, all references to "Rules" in this order refer to the Federal Rules of Civil Procedure.

**pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1.    **Initial Disclosures:**   To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Initial Disclosures must be completed by the date set in the Scheduling and Discovery Order. Initial Disclosures include the disclosures required by Rule 26(a)(1) and such information as listed below:

   a.    the correct names of the parties to the lawsuit;

   b.    the name, address, and telephone number of any potential parties;

   c.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   d.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

   e.    any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

   f.    any settlement agreements relevant to the subject matter of this action;

   g.    a copy—or a description by category and location— of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and ***that are relevant to the claim or defense of any party***.

Initial disclosures do not include materials related to damages.

7

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

**Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

2. **Joinder of Additional Parties or Amendment of Pleadings:** All joinder of additional parties or amendments of pleadings must be filed by the date listed above. Fed. R. Civ. P. 16(b)(1). Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.

3. **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)** must be filed by the date listed above.

4. **Privilege Logs:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in this order. Any party may move the Court for an order compelling the production of any documents or information identified on

8

any party's privilege log.  Except as necessary to comply with P.R. 3-7, the parties are not required to include on their privilege logs any protected documents that came into existence on or after the date of the filing of the complaint in Case No. 6:12cv0017, which was the earliest-filed of the complaints in the related actions involving the same patents-in-suit.

5.   **Experts:**

a.   **Designation of Expert(s) and Report(s):** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial for that party. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). ***Each party is limited to four testifying expert witnesses.***

b.   **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than the deadline for dispositive motions. *See* ¶ 8.

6.   **Completion of Discovery:** All fact and expert discovery must be completed by the dates listed above. The parties may agree to extend either of these discovery deadlines, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission deadline; and (ii) **written notice** of the extension is given to the Court.  **Absent further order of this Court, each party's discovery in this cause is limited to the disclosures described in this order, the Federal Rules of Civil Procedure and the Local Patent Rules, and the following:**

a.   **Depositions:** A party taking a deposition of a witness on a 30(b)(6) topic in any of the above styled cases (6:13-cv-432 and -

9

434 through -446) will keep to a minimum any repetition of the deposition of the same witness on the same 30(b)(6) topic in another of the above styled cases (6:13-cv-432 and -434 through -446). Where a deposition is of a non-English speaker and taken with use of a translator, each hour of deposition shall only be considered as a half-hour with respect to total hourly limits on depositions. Fact deposition time will count whether used in direct examination or cross-examination of any witness. Nothing in this paragraph waives the duration requirements pursuant to Fed. R. Civ. P. 30(d)(1).

*Adaptix's Proposal Regarding Inventor Deposition*
Subject to the other provisions of this order, any inventor of a patent-in-suit can be deposed for up to ten (10) hours collectively in total by all the defendants from all of the above-referenced cases. The defendants may use a previous deposition of any inventor of a patent-in-suit taken in any other cases brought by Adaptix at which Adaptix was present for impeachment or cross-examination purposes.

*Defendants' Response to Adaptix's Proposal*
Defendants strongly disagree with Adaptix's proposal to limit inventor depositions to a total of ten (10) hours collectively across the above-captioned cases **unless** Adaptix agrees to permit Defendants to use for all purposes in the above-captioned cases the inventor depositions taken in all other cases brought by Adaptix. Ten (10) hours is not enough time for each of the Defendants in the above-captioned fourteen cases to have a meaningful opportunity to depose each of the inventors.[6]  Defendants would be willing to agree to the ten hour limitation **only if** they are also permitted to rely upon depositions of those inventors that are or have been taken in connection with other Adaptix cases.

*Additional Deposition Limit Proposed by Verizon, AT&T Mobility, T-Mobile, Sprint Spectrum LP and Boost Mobile LLC:*

Plaintiff will be precluded from deposing any Verizon Wireless, AT&T Mobility, T-Mobile USA, Inc., Sprint Spectrum LP or Boost Mobile LLC employee who has been previously deposed in

---

[6] Adaptix brings to the Court's attention that the May 21, 2013 "Scheduling and Discovery Order" in Case Nos. 6:13cv49, -50, and 6:12cv369 (*see, e.g.*, Document No. 42 in -49) states in Section 7, p. 9 ("Completion of Discovery") that "[t]he parties will endeavor to be efficient in taking depositions, but the parties agree that individual depositions of any named inventor properly subject to depositions can be extended an additional two (2) hours (beyond the Federal Rules' allotment of seven (7) hours) for each patent-in-suit for which the witness, if properly subject to depositions, is a named inventor."

10

one of the related N.D. California or other E.D. Texas actions, absent permission from the court upon a showing of good cause. Verizon Wireless, AT&T Mobility, T-Mobile, Sprint and Boost Mobile agree to provide reasonable extensions to the seven-hour limit for individual depositions to the extent they are necessary (i.e., to allow for questioning regarding subject matter relevant to multiple cases) and are negotiated in advance by Adaptix.

*Adaptix's Opposition to Additional Deposition Limit Proposed by Verizon, AT&T Mobility, T-Mobile, Sprint Spectrum LP and Boost Mobile LLC*

Adaptix strongly opposes these additional deposition constraints because they limit or *preclude* Adaptix's right to take legitimate and proper depositions from employees of a single group of party defendants ("carriers").  And, this proposal would significantly prejudice and complicate Adaptix's ability to develop, complete, and control proper discovery in support of their infringement contentions and the damages / remedies to which they are entitled, that will inure from the control given to the "carriers" who are, themselves, infringers and subject to substantial damages from their own infringing use, sale, and indirect infringement of the subject handsets from these 10 new and different defendants.

Counsel are directed to contact the Discovery Hotline provided by Local Rule CV-26(f) for resolution of discovery disputes that are not able to be briefed, such as disputes arising during a deposition.

7.   **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator. In the event the parties are unable to agree upon a mediator, the parties must file a notice indicating the deadlock. The parties will be required to mediate their case pursuant to the Court-Annexed Mediation Plan. *See* Local Rule App. H.

8.   **Dispositive Motions:** All motions that would dispose of all or any part of this case (including motions for **summary judgment and *Daubert* motions**) must be filed by the dates listed above. The parties are

11

reminded of the page limits set forth in Local Rule CV-7(a)(1) (e.g., no more than thirty pages per motion). Additionally, if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than sixty pages total for all summary judgment motions filed). The Court will disregard any pages exceeding these limits.

9. **<u>Pretrial Disclosures and Objections:</u>** Unless otherwise directed by order, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[7] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

---

[7] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

10.    **<u>Notice of Request for Daily Transcript or Real Time Reporting:</u>** If either daily transcript or realtime reporting of the court proceedings is requested for trial, the party or parties making the request must file a notice with the Court and e-mail the court reporter, Ms. Jan Mason, at Jan_Mason@txed.uscourts.gov. In no event should this date be less than sixty days before the pretrial conference.

11.    **<u>Meet and Confer Requirement:</u>** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **<u>before filing their objections to pretrial materials</u>**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

12.    **<u>Pretrial Materials:</u>** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

     a.    **<u>Pretrial Order:</u>** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

b.  **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

(i)  the **names and addresses** of each witness;

(ii)  a **brief narrative summary** of the testimony;

(iii)  whether the witness has been **deposed**;

(iv)  the **expected duration** of direct and cross-examination of the witness.

c.  **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

(i)  Describe with specificity the documents or things in numbered sequence.

(ii)  Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE

14

MARKED            AS            "PX1-3."

**(iii)** Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **<u>explain in detail</u>** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

d. **<u>Jury Instructions in Jury and Non-Jury Trials:</u>** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

e. **<u>Proposed Findings of Fact and Conclusions of Law:</u>** In a case involving factual issues to be resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

f. **<u>Limited Number of Motions in Limine:</u>** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually

15

in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

g.   **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

h.   **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

13.   **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

14.   **Pretrial Conference:** A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. **At the final pretrial conference,**

16

**the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.** Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

      **At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits.**

15.     <u>**Modification of Scheduling and Discovery Order:**</u> As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

16.     <u>**Sanctions:**</u> Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or

17

deposition excerpts for rebuttal will be permitted if the attorneys could not

have reasonably anticipated their need for that evidence.

**It is SO ORDERED.**